IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CDN INNOVATIONS, LLC<br><br>                        Plaintiff,<br><br>      v.<br><br>ARMSTRONG UTILITIES, INC.<br><br>                       Defendant. | Civil Case No. 1:23-cv-1173<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CDN Innovations, LLC ("CDN" or "Plaintiff"), for its Complaint against Defendant Armstrong Utilities, Inc. ("Armstrong"), hereby alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff CDN is a limited liability company organized under the laws of the State of Georgia with a place of business at 44 Milton Avenue, Suite 254, Alpharetta, GA 30009.

3. Upon information and belief, Armstrong is a Pennsylvania corporation with a regular and established place of business at 122 South Queen Street, Rising Sun, MD 21911. At all times relevant to the instant lawsuit, Defendant owned and operated an online television programming guide known as the "Armstrong Channel Guide" that was accessible at https://www.armstrongwire.com. Defendant directed its Armstrong Channel Guide programming guide at multiple cities in the United States, including Bel Air, Maryland and

Rising Sun, Maryland.

4.	Upon information and belief, Defendant sells, offers to sell, and/or uses products and services throughout Maryland, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district.

## JURISDICTION AND VENUE

5.	This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6.	This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.	Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

8.	This Court has personal jurisdiction over the Defendant under the laws of the State of Maryland, due at least to its substantial business in Maryland and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Maryland. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendant has committed acts of infringement and has a regular and established place of business in this Judicial District, 122 South Queen Street, Rising Sun, MD 21911.

## BACKGROUND

*Formatting Information for Display Device*

Harold J. Weber (hereinafter "the '180 Inventor") is the inventor of U.S. Patent No. 6,311,180 ("the '180 patent"). A true and correct copy of the '180 patent is attached as Exhibit A.

1.  The '180 patent resulted from the pioneering efforts of the '180 Inventor in the area of generating a display document, and more particularly generating a display document to conform to a display device. These efforts resulted in the development of a method and apparatus for generating a display document that conforms to a display device according to the display device and viewer preferences of a user in 2000.

*Recognizing Spoken Identifiers*

2.  David B. Anderson (hereafter "the '532 Inventor") the inventor of U.S. Patent No. 6,865,532 ("the '532 patent"). A true and correct copy of the '532 patent is attached as Exhibit B.

3.  The '532 patent resulted from the pioneering efforts of the '532 Inventor in the area of voice operated communication devices, and more particularly the area of recognizing spoken identifiers. These efforts resulted in the development of a novel method for recognizing spoken identifiers having predefined grammar.

*Controlling Multiple Devices Television Guidance System*

4.  Francois Martin (hereinafter "the Inventor") is the inventor of U.S. Patent No. 7,164,714 ("the '714 patent"). A true and correct copy of the '714 patent is attached as Exhibit C.

5.  The '714 patent resulted from the pioneering efforts of the Inventor in the area of video transmission, particularly in the area of processing video for generation of mosaics. These efforts resulted in the development of a method and system for generating a user mosaic in 2002.

*Detecting Port Inactivity*

6.  Brian Gonsalves and Kenneth Roger Jones (hereinafter "the Inventors") are the inventors of U.S. Patent Nos. 7,293,291 ("the '291 patent") and 7,565,699 ("the '699 patent"). A

true and correct copy of the '291 patent is attached as Exhibit D.  A true and correct copy of the '699 patent is attached as Exhibit E.

7. The '291 and '699 patents resulted from the pioneering efforts of the Inventors in the area of computer network connections, particularly in the area of detecting computer port inactivity.  These efforts resulted in the development of a method and system for detecting an idle or inactive data port connection on a personal computer in 2003.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 6,311,180

8. The allegations set forth in the foregoing paragraphs are incorporated into this Count.

9. On October 30, 2001, the '180 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Method for mapping and formatting information for a display device"

10. CDN is the assignee and owner of the right, title and interest in and to the '180 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

11. Upon information and belief, Defendant directly infringed one or more of the claims of the '180 patent during the relevant damages period by using the technology identified in Exhibit F hereto (the "*Accused Display Instrumentalities*").  For example, upon information and belief, Defendant used the *Accused Display Instrumentalities* in the United States.

12. Exemplary infringement analysis showing infringement of claim 1 of the '180 patent is set forth in Exhibit F.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '180 patent.  CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention

or admission regarding the construction of any term or phrase of the claims of the '180 patent.

13. Upon information and belief, Defendant had knowledge of the '180 patent at least as early as its receipt of CDN's March 15, 2021 letter regarding notice of infringement.

14. Upon information and belief, Defendant's use of the *Accused Display Instrumentalities* directly infringed claim 1 the '180 patent during the relevant damages period.

15. The *Accused Display Instrumentalities* infringed at least claim 1 of the '180 patent during the pendency of the '180 patent. Upon information and belief, Defendant has used the *Accused Display Instrumentalities* in an infringing manner since at least from 2015.

16. CDN has been harmed by the Defendant's infringing activities.

### COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,865,532

17. The allegations set forth in the foregoing paragraphs are incorporated into this Count.

18. On March 8, 2005, the '532 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Method for recognizing spoken identifiers having predefined grammars."

19. CDN is the assignee and owner of the right, title and interest in and to the '532 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

20. Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '532 patent by using products, specifically one or more of the products identified in Exhibit G hereto (the "*Accused Speech Recognition Instrumentalities*"). For example, upon information and belief, Defendant at least uses and sells the *Accused Speech Recognition Instrumentalities* in the United States.

21. Exemplary infringement analysis showing infringement of claim 1 of the '532 patent is set forth in Exhibit G. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '532 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '532 patent.

22. Upon information and belief, users of devices containing Defendant's *Accused Speech Recognition Instrumentalities* have and will continue to directly infringe claims 1 '532 patent.

23. Upon information and belief, Defendant had knowledge of the '532 patent at least as early as its receipt of CDN's March 15, 2021 letter regarding notice of infringement.

24. Defendant's encouragement of others to use the *Accused Speech Recognition Instrumentalities*—knowing that such use, as alleged herein, infringes claims 1 of the '532 patent—constitutes inducement of others under 35 U.S.C. § 271(b). Defendant's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused Speech Recognition Instrumentalities* are not only configured to enable speech recognition but specifically intended for use as a speech recognition tool.

25. Upon information and belief, Defendant is also liable as a contributory infringer of the '532 patent under 35 U.S.C. § 271(c) by offering to sell, selling and/or importing into the United States componentry especially made to enable the speech recognition functionality which, as shown in Exhibit G, constitutes an infringement of the '532 patent. The *Accused Speech Recognition Instrumentalities* are material components for use in practicing the '532 patent and are specifically made and are not a staple article of commerce suitable for substantial non-

infringing use.

26. The *Accused Speech Recognition Instrumentalities* infringed and continues to infringe claim 1 of the '532 patent during the pendency of the '532 patent.

27. Upon information and belief, Defendant has used the *Accused Speech Recognition Instrumentalities* in an infringing manner since at least 2015.

28. CDN has been harmed by the Defendant's infringing activities.

### COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 7,164,714

29. The allegations set forth in the foregoing paragraphs are incorporated into this Count.

30. On January 16, 2007, the '714 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Video transmission and processing system for generating a user mosaic."

31. CDN is the assignee and owner of the right, title and interest in and to the '714 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

32. Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '714 patent by making, using (e.g., developing, testing, installing or otherwise using) offering to sell, selling, or importing into the United States products, specifically one or more of the products identified in Exhibit H hereto (the "*Accused Video Guidance Instrumentalities*").  For example, upon information and belief, Defendant at least uses, sells and offers to sell the *Accused Video Guidance Instrumentalities* in the United States.

33. Exemplary infringement analysis showing infringement of at least claims 13 and 15 of the '714 patent is set forth in Exhibit H.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to

the '714 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '714 patent.

34. Upon information and belief, users of devices containing Defendant's *Accused Video Guidance Instrumentalities* have and will continue to directly infringe at least claims 13 and 15 of the '714 patent.

35. Upon information and belief, Defendant had knowledge of the '714 patent at least as early as its receipt of CDN's March 15, 2021 letter regarding notice of infringement.

36. Defendant's encouragement of others to use the *Accused Video Guidance Instrumentalities*—knowing that such use, as alleged herein, infringes at least claims 13 and 15 of the '714 patent—constitutes inducement of others under 35 U.S.C. § 271(b). Defendant's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused Video Guidance Instrumentalities* are not only transmitting video but specifically processes the video to generate mosaics.

37. Upon information and belief, Defendant is also liable as a contributory infringer of the '714 patent under 35 U.S.C. § 271(c) by offering to sell, selling and/or importing into the United States componentry especially made to supply a television guide which, as shown in Exhibit H, constitutes an infringement of the '714 patent. The *Accused Video Guidance Instrumentalities* are material components for use in practicing the '714 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

38. The *Accused Video Guidance Instrumentalities* infringed and continues to

infringe at least claims 13 and 15 of the '714 patent during the pendency of the '714 patent.

39. Upon information and belief, Defendant has used the *Accused Video Guidance Instrumentalities* in an infringing manner since at least 2015.

40. CDN has been harmed by the Defendant infringing activities.

**COUNT 4 – INFRINGEMENT OF U.S. PATENT NO. 7,293,291**

41. The allegations set forth in the foregoing paragraphs are incorporated into this Count.

42. On November 6, 2007, the '291 patent was duly and legally issued by the United States Patent and Trademark Office under the title "System and method for detecting computer port inactivity"

43. CDN is the assignee and owner of the right, title and interest in and to the '291 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

44. Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '291 patent by making, using (e.g., developing, testing, installing or otherwise using) offering to sell, selling, or importing into the United States products, specifically one or more of the products identified in Exhibit I hereto (the "*Accused Port Triggering Instrumentalities*"). For example, upon information and belief, Defendant at least uses, sells and offers to sell the *Accused Port Triggering Instrumentalities* in the United States.

45. Exemplary infringement analysis showing infringement of at least claim 9 of the '291 patent is set forth in Exhibit I. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '291 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention

or admission regarding the construction of any term or phrase of the claims of the '291 patent.

46. Upon information and belief, users of devices containing Defendant's *Accused Port Triggering Instrumentalities* have and will continue to directly infringe at least claim 9 of the '291 patent.

47. Defendant's encouragement of others to use the *Accused Port Triggering Instrumentalities*—knowing that such use, as alleged herein, infringes at least claim 9 of the '291 patent—constitutes inducement of others under 35 U.S.C. § 271(b). Defendant's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused Port Triggering Instrumentalities* are not only configured to enable port triggering but specifically intended for use with router products designed to utilize port triggering functionality.

48. Upon information and belief, Defendant is also liable as a contributory infringer of the '291 patent under 35 U.S.C. § 271(c) by offering to sell, selling and/or importing into the United States especially configured to enable router port forwarding which, as shown in Exhibit I, constitutes an infringement of the '291 patent. The *Accused Port Triggering Instrumentalities* are material components for use in practicing the '291 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

49. The *Accused Port Triggering Instrumentalities* infringed and continues to infringe at least claim 9 of the '291 patent during the pendency of the '291 patent.

50. Upon information and belief, Defendant has used the *Accused Port Triggering Instrumentalities* in an infringing manner since at least 2017.

51. CDN has been harmed by the Defendant's infringing activities.

## COUNT 5 – INFRINGEMENT OF U.S. PATENT NO. 7,565,699

52. The allegations set forth in the foregoing paragraphs are incorporated into this Count.

53. On July 21, 2009, the '699 patent was duly and legally issued by the United States Patent and Trademark Office under the title "System and method for detecting computer port inactivity".

54. CDN is the assignee and owner of the right, title and interest in and to the '699 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

55. Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '699 patent by making, using (e.g., developing, testing, installing or otherwise using) offering to sell, selling, or importing into the United States products, specifically one or more of the products identified in Exhibit J hereto (the "*Accused Port Triggering Instrumentalities*").  For example, upon information and belief, Defendant at least uses, sells and offers to sell the *Accused Port Triggering Instrumentalities* in the United States.

56. Exemplary infringement analysis showing infringement of at least claim 9 of the '699 patent is set forth in Exhibit J.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '699 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '699 patent.

57. Upon information and belief, users of devices containing Defendant's *Accused Port Triggering Instrumentalities* have and will continue to directly infringe at least claim 9 of the '699 patent.

58. Defendant's encouragement of others to use the *Accused Port Triggering Instrumentalities*—knowing that such use, as alleged herein, infringes at least claim 9 of the '699 patent—constitutes inducement of others under 35 U.S.C. § 271(b). Defendant's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused Port Triggering Instrumentalities* are not only configured to enable port triggering but specifically intended for use with router products designed to utilize port triggering functionality.

59. Upon information and belief, Defendant is also liable as a contributory infringer of the '699 patent under 35 U.S.C. § 271(c) by offering to sell, selling and/or importing into the United States componentry especially configured to enable router port triggering which, as shown in Exhibit J, constitutes an infringement of the '699 patent. The *Accused Port Triggering Instrumentalities* are material components for use in practicing the '699 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

60. The *Accused Port Triggering Instrumentalities* infringed and continues to infringe at least claim 9 of the '699 patent during the pendency of the '699 patent.

61. Upon information and belief, Defendant has used the *Accused Port Triggering Instrumentalities* in an infringing manner since at least 2017.

62. CDN has been harmed by the Defendant infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CDN demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CDN demands judgment for itself and against Defendant as follows:

A. An adjudication that the Defendant has infringed the patents asserted herein;

B. An award of damages to be paid by Defendant adequate to compensate CDN for Defendant's past infringement of the patents asserted herein, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of CDN's reasonable attorneys' fees; and

D. An award to CDN of such further relief at law or in equity as the Court deems just and proper.

Dated: May 3, 2023

/s/ Joseph Zito

Timothy Devlin (to be admitted *pro hac vice*)
tdevlin@devlinlawfirm.com
James M. Lennon (to be admitted *pro hac vice*)
jlennon@devlinlawfirm.com
Joseph J. Zito (MDD Trial Bar # 05640)
jzito@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff CDN Innovations, LLC*